*EXHIBIT A*

DECLARATION OF MICHELE R. STAFFORD IN SUPPORT OF
REQUEST FOR ISSUANCE OF WRIT OF EXECUTION
<u>District Council 16 Northern California Health & Welfare Trust Fund v. S D Flooring, Inc.</u>
*USDC, Case No.: C10-4765 SBA*

Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>S D FLOORING, INC., a California corporation,<br><br>Defendant. | Case No.: C10-4765 SBA<br><br>**NOTICE AND ACKNOWLEDGMENT; and JUDGMENT PURSUANT TO STIPULATION** |

IT IS HEREBY STIPULATED by and between the parties hereto, that Judgment may be entered in the within action in favor of the Plaintiffs DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al. ("Plaintiffs" or "Trust Funds"), and against Defendant S D FLOORING, INC., and/or alter egos and/or successor entities ("Defendant"), as follows:

1. Defendant is signatory to the Northern California Floor Covering Master Agreement between District Council 16 and the Northern California Floor Covering Association and Floor Covering Association of the Central Coast Counties ("Bargaining Agreement"). Pursuant to the Bargaining Agreement, Defendant is bound to the Trust Agreements of the Plaintiffs Trust Funds. The Bargaining Agreement and Trust Agreements continue in full force and effect to the present time.

-1-
**JUDGMENT PURSUANT TO STIPULATION**
Case No.: C10-4765 SBA

2. Defendant S D Flooring, Inc., through its authorized agent for service, RMO/CEO and President Steven de Figueiredo, acknowledges receipt of the following documents in this action: Summons; Complaint; Dispute Resolution Procedures in the Northern District of California; Order Setting Initial Case Management Conference and ADR Deadlines; Judge Armstrong's Standing Orders; Standing Order for All Judges of the Northern District of California; Instructions for Completion of ADR Forms Regarding Selection of an ADR Process; Stipulation and [Proposed Order] Selecting ADR Process; Notice of Need for ADR Phone Conference; ADR Certification by Parties and Counsel; Notice of Availability of Magistrate Judge to Exercise Jurisdiction; Notice of Lawsuit and Request for Waiver of Service of Summons; Waiver of the Service of Summons; ECF Registration Information Handout; Welcome to the Oakland Divisional Office of the United States District Court; Certification of Interested Entities or Persons Pursuant to Civil Local Rule 3-16; and Clerk's Notice re Case Management Conference.

3. Defendant has become indebted to the Trust Funds as follows:

| April 2010 | 10% Liquidated Damages (cap) | $750.00 | |
| | 5% Interest (6/1/10 – 6/14/10) | $108.80 | |
| | | | $858.80 |
| August 2010 | Contribution Balance | $34,241.37 | |
| | 20% Liquidated Damages | $6,848.27 | |
| | 5% Interest (through 11/8/10) | $182.93 | |
| | | | $41,272.57 |
| | | SUBTOTAL: | $42,131.37 |
| **Attorneys' Fees (through 11/8/10)** | | | $3,469.50 |
| **Cost of Suit** | | | $350.00 |
| | | **TOTAL:** | $45,950.87 |

In addition to the amounts due above, the Northern California Floor Covering Master Agreement between District Council 16 and the Northern California Floor Covering Association and Floor Covering Association of the Central Coast Counties ("Agreement") requires at Article 19, Section 7, that Defendant post a bond "*within ten (10) days of the mailing of notice by the Administrator of the Trust Funds…(in) amounts…to be determined by the said Administrator.*" Defendant is required to post a bond in the amount of $252,000.00, within 60 days of the

-2-
JUDGMENT PURSUANT TO STIPULATION
Case No.: C10-4765 SBA

execution of this Judgment Pursuant to Stipulation ("Stipulation") by Defendant. In the event Defendant is unable to obtain a bond, Defendant is to provide Plaintiffs with proof that it was requested and denied, which will be presented to the Trustees. Defendant may also submit a letter from a qualified bonding company, advising of the bond amount that can be provided. If a waiver is not granted, cash deposit in lieu of bond must be posted with the Trust Funds' Administrator or other suitable / acceptable arrangements must be made with Plaintiffs. Failure to post a bond, or a cash deposit in lieu of bond, constitutes a default under the terms of this Stipulation.

4. Defendant shall *conditionally* pay the amount of **$38,352.60**, representing all of the above amounts, less liquidated damages in the amount of **$7,598.27**. *This waiver is expressly conditioned upon the Trustees' approval upon timely compliance with all of the terms of this Stipulation,* as follows:

(a) Beginning on or before December 15, 2010, and continuing on or before the 15th day of each month thereafter for a period of twelve (12) months through November 15, 2011, Defendant shall pay to Plaintiffs the amount of **$3,228.00** per month;

(b) Payments may be made by joint check, cashier's check or other irrevocable form of payment to be endorsed prior to submission. Defendant shall have the right to increase the monthly payments at any time and there is no penalty for prepayment;

(c) Payments shall be applied first to unpaid interest and then to unpaid principal. The unpaid principal balance shall bear interest at the rate of 5% per annum, from November 15, 2010, in accordance with the Collective Bargaining Agreement and Plaintiffs' Trust Agreements;

(d) Payments shall be made payable to the "*District Council 16 Health and Welfare Trust Fund*," and delivered to Michele R. Stafford at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, or to such other address as may be specified by Plaintiffs, **to be <u>received</u> on or before the 15th day of each month**;

(e) At the time that Defendant makes its last (November 15, 2011) monthly payment under the terms of this Stipulation, or otherwise pays all amounts due under the terms of

-3-
**JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C10-4765 SBA**

C:\Documents and Settings\Workstation\Local Settings\Temp\notes06E812\C10-4765 SBA - Judgment Pursuant to Stipulation 102510.doc

1  this Stipulation, whichever comes first, Defendant may submit a written request for waiver of
2  liquidated damages directed to the Board of Trustees, but sent to Saltzman and Johnson Law
3  Corporation with that payment. Defendant will be advised as to whether or not the waiver has
4  been granted prior to the final payment hereunder;

5      (f) Failure to comply with any of the above terms shall also constitute a default
6  of the obligations under this Agreement and the provisions of ¶ 12 shall apply.

7      5. An audit of Defendant's records has occurred in this matter, but the report has not
8  been completed to date. The completed report, in draft form, will be sent to Defendant for review.
9  Defendant will be provided with ten (10) days in which to review the audit and provide evidence
10 to contest the findings in the event that Defendant does not agree with the total found due.

11 Once the report is finalized, in the event that amounts are found due, all such amounts will
12 become part of this Judgment. In the event that this occurs, Defendant has the right to request that
13 the term of the payment plan be extended until all amounts are paid in full.

14     6. In the event that any check paid pursuant to any of the terms hereunder is not
15 timely submitted, not timey endorsed (in the case of a Joint Check), submitted by Defendant but
16 fails to clear the bank, or is otherwise unable to be negotiated for any reason for which Defendant
17 is responsible, this shall be considered to be a default on the Judgment entered. If this occurs,
18 Plaintiffs shall make a written demand to defendant to cure said default. Notice may be provided
19 by email, but in the event of such notice, a copy of the notice shall also be sent by either fax or
20 mail. Default will only be cured by the issuance of a replacement, **cashier's check**, delivered to
21 Saltzman and Johnson Law Corporation within seven (7) days of the date of the notice from
22 Plaintiffs. If Defendant elects to cure said default, and Plaintiffs elect to accept future payments,
23 all such payments shall be made by cashier's check at Plaintiffs' request. Failure to make
24 payments pursuant to cashier's check, if applicable, shall constitute a default under the terms of
25 this Judgment.

26 In the even default is not cured, all amounts remaining due hereunder shall be immediately
27 due and payable.

28

C:\Documents and Settings\Workstation\Local Settings\Temp\notes06E812\C10-4765 SBA - Judgment Pursuant to Stipulation 102510.doc

7. Beginning with contributions due for hours worked by Defendant's employees during the month of October 2010, due on November 15, 2010 and considered delinquent if not postmarked later than November 30, 2010, and for every month thereafter that the Bargaining Agreement remains in effect, Defendant **shall remain current in contributions** due to Plaintiffs under the current Collective Bargaining Agreement and under all subsequent Collective Bargaining Agreements, if any, and the Declarations of Trust as amended. **Defendant shall fax a copy of the contribution report for each month, together with a copy of that payment check, to Michele R. Stafford at 415-882-9287, prior to sending the payment to the Trust Fund office.**

Failure to comply with these terms shall also constitute a default of the obligations under this Agreement and the provisions of ¶ 12 shall apply.

8. Defendant shall make full disclosure of all jobs on which it is working by providing Plaintiffs with an ongoing and updated list of jobs including, but not limited to, the name and address of the job, the start and completion dates, the identity of General Contractor/Owner/Developer, and by providing certified payroll if a public works job. **To the extent that Defendant is working on a Public Works job, or any other job for which Certified Payroll Reports are required, copies of said Reports will be faxed to Michele R. Stafford concurrently with their submission to the General Contractor, Owner or other reporting agency.**

**Defendant shall fax said updated list each month (or sooner if required elsewhere herein) together with the contribution report (as required by ¶ 7 of this Stipulation) to Michele R. Stafford at 415-882-9287.** Attached hereto as *Exhibit A* is a Job Report form which is to be completed each month.

9. Failure by Defendant to remain current in its contributions shall constitute a default of the obligations under this agreement and the provisions of ¶ 12 shall apply. Any such unpaid or late paid contributions, together with 20% liquidated damages and 5% per annum interest accrued on the total contributions and liquidated damages, shall be added to and become a part of this Judgment and subject to the terms herein. Plaintiffs reserve all rights available under the

-5-
JUDGMENT PURSUANT TO STIPULATION
Case No.: C10-4765 SBA

applicable Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and future contributions, and for any additional past contributions not included herein as may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, or other means, and the provisions of this Agreement are in addition thereto. Defendant specifically waives the defense of the doctrine *Res Judicata* as to any such additional amounts determined as due.

10. Steven de Figueiredo acknowledges that he is the RMO/CEO/President of Defendant herein, and is authorized to enter into this Stipulation on behalf of S D Flooring, Inc. Steven de Figueiredo is also personally guaranteeing all amounts due under the terms of the Stipulated Judgment. Defendant and all of its successors in interest, assigns, and affiliated entities (including, but not limited to parent or other controlling companies), and any companies with which S D Flooring joins or merges, if any, shall also be bound by the terms of this Stipulation as Guarantors. This shall include any additional entities in which Steven de Figueiredo is an officer, owner or possesses any ownership interest. Defendant, Guarantor and all such entities specifically consent to the Court's jurisdiction, in writing at the time of any assignment, affiliation or purchase, as well as all other terms herein.

11. Prior to the last payment pursuant to this Stipulation, Plaintiffs will advise Defendant, in writing, of the remaining amounts due, including any additional amounts claimed pursuant to the Stipulation, which shall include, but not be limited to, any additional interest, attorneys' fees and costs incurred in this matter. Said amount shall be paid with the last payment, upon demand by Plaintiffs.

12. In the event that Defendant/Guarantor are in default of any provision of this Stipulation, including, but not limited to, failing to post a bond or cash in lieu of bond required under ¶ 3 above, failing to make any payment required under ¶ 4 above, or failing to remain current in any contributions under ¶ 7, then:

(a) The entire amount of **$45,950.87** plus interest, reduced by principal payments received by Plaintiffs, but increased by any unpaid contributions then due, plus 20% liquidated damages and 5% per annum interest thereon, shall be immediately due, together with

1 any additional attorneys' fees and costs incurred in this action, including those identified under
2 section (d) below;

3    (b)   A Writ of Execution may be obtained against Defendant and Guarantor
4 without further notice, in the amount of the unpaid balance, plus any additional amounts under the
5 terms herein, upon declaration by a duly authorized representative of the Plaintiffs setting forth
6 any payment theretofore made by or on behalf of Defendant and the balance due and owing as of
7 the date of default. <u>Defendant and Guarantor specifically consent to the authority of a Magistrate
8 Judge for all proceedings, including, but not limited to, Plaintiffs' obtaining a Writ of Execution</u>;

9    (c)   Defendant and Guarantor waive notice of Entry of Judgment and expressly
10 waive all rights to stay of execution and appeal. The declaration or affidavit of a duly authorized
11 representative of Plaintiffs as to the balance due and owing as of the date of default shall be
12 sufficient to secure the issuance of a Writ of Execution;

13    (d)   Defendant/Guarantor shall pay all additional attorneys' fees and costs
14 incurred by Plaintiffs in connection with this matter, including those incurred for collection and
15 allocation of the amounts owed by Defendant to Plaintiffs under this Stipulation. The additional
16 attorneys' fees and costs shall be paid by Defendant/Guarantor as set forth above, regardless of
17 whether or not Defendant/Guarantor default under the terms of this Stipulation.

18  13.   Any failure on the part of the Plaintiffs to take any action against Defendant or
19 Guarantor as provided herein in the event of any breach of the provisions of this Stipulation shall
20 not be deemed a waiver of any subsequent breach by the Defendant or Guarantor of any provisions
21 herein.

22  14.   In the event of the filing of a bankruptcy petition by Defendant or its Guarantor, the
23 parties agree that any payments made by Defendant or Guarantor pursuant to the terms of this
24 Judgment, shall be deemed to have been made in the ordinary course of business as provided
25 under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendant or Guarantor as a
26 preference under 11 U.S.C. Section 547 or otherwise. Defendant and its Guarantor nevertheless
27 represent that no bankruptcy filing is anticipated.

28

1  15.  This Stipulation is limited to the agreement between the parties with respect to the delinquent contributions and related sums enumerated herein, owed by Defendant/Guarantor to the Plaintiffs. This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendant/Guarantor acknowledge that the Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendant/Guarantors as provided by the Plaintiffs' Plan Documents, Trust Agreements incorporated into their Collective Bargaining Agreement, and the law.

16.  Should any provision of this Stipulation be declared or determined by any court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and enforceability of the remaining parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this Stipulation.

17.  This Stipulation contains all of the terms agreed by the parties and no other agreements have been made. Any changes to this Stipulation shall be effective only if made in writing and signed by all parties hereto.

18.  This Stipulation may be executed in any number of counterparts and by facsimile, each of which shall be deemed an original and all of which shall constitute the same instrument.

19.  The parties agree that the Court shall retain jurisdiction of this matter until this Judgment is satisfied.

///
///
///
///
///
///
///
///
///

-8-
**JUDGMENT PURSUANT TO STIPULATION**
Case No.: C10-4765 SBA

C:\Documents and Settings\Workstation\Local Settings\Temp\notes06E812\C10-4765 SBA - Judgment Pursuant to Stipulation 102510.doc

20. All parties represent and warrant that they have had the opportunity to be or have been represented by counsel of their own choosing in connection with entering this Stipulation under the terms and conditions set forth herein, and that they enter into this Stipulation voluntarily and without duress.

Dated: December 5, 2010          **S D FLOORING, INC.**

                                 By: _____/s/_____
                                 Steven de Figueiredo, RMO/CEO/President

Dated: December 20, 2010         **STEVEN de FIGUEIREDO**

                                 By: _____/s/_____
                                 Individually as Personal Guarantor

Dated: December 22, 2010         **SALTZMAN & JOHNSON**
                                 **LAW CORPORATION**

                                 By: _____/s/_____
                                 Michele R. Stafford, Esq.
                                 Attorneys for Plaintiffs

**APPROVED AS TO FORM**          **LAW OFFICE OF MARK HAESLOOP**
Dated: December 5, 2010

                                 By: _____/s/_____
                                 Mark Haesloop, Esq.
                                 Attorney for Defendant

**IT IS SO ORDERED.**

**IT IS FURTHER ORDERED** that all dates on calendar in this matter are vacated accordingly.

Dated: 1/3/11                    _____Saundra B. Armstrong_____
                                 UNITED STATES DISTRICT COURT JUDGE

-9-
JUDGMENT PURSUANT TO STIPULATION
Case No.: C10-4765 SBA

C:\Documents and Settings\Workstation\Local Settings\Temp\notes06E812\C10-4765 SBA - Judgment Pursuant to Stipulation 102510.doc

# *EXHIBIT B*

DECLARATION OF MICHELE R. STAFFORD IN SUPPORT OF
REQUEST FOR ISSUANCE OF WRIT OF EXECUTION
<u>District Council 16 Northern California Health & Welfare Trust Fund v. S D Flooring, Inc.</u>
*USDC, Case No.: C10-4765 SBA*



# District Council 16 Northern California Trust Funds

**DC 16**

P.O. Box 24454, Oakland, CA 94623 • Phone: (800) 922-9902 • (510) 864-6444

S D FLOORING, INC.  
725 INDUSTRIAL RD UNIT C  
SAN CARLOS, CA 94070

EMPLOYER NUMBER: 000-000532-000  
FOR WORK IN: 10/2010  
DUE ON: 11/15/2010  
LOCAL: 0000

PAGE 1

| SSN | NAME | LINE NO | RATE LEVEL | HOURS | RATE | AMOUNT DUE |
|---|---|---|---|---|---|---|
| -7601 | ADAMSON, DARRYL H | 01 | 1101 | 160 | 23.22 | 3715.20 |
| -3994 | CARDENAS, ROBERT E | 02 | 1101 | 182 | 23.22 | 4226.04 |
| -2240 | ~~COUTTS, WILLIAM J~~ Delete off | 03 | 1101 | ~~0~~ | 23.22 | ~~0~~ |
| -4510 | GAMA, RAMON P | 04 | 2101 | 207 | 23.22 | 4806.54 |
| -0432 | GIBSON, RICHARD L | 05 | 1101 | 204 | 23.22 | 4736.88 |
| -7339 | JEPSEN, DALE R | 06 | 1101 | ~~0~~ | 23.22 | ~~0~~ |
| -3109 | MONTES DE OCA, ALBER | 07 | 1101 | 66 | 23.22 | 1532.52 |
| -9270 | ~~RAMIREZ, JOSE M~~ Delete off | 08 | 1104 | ~~0~~ | 17.30 | ~~0~~ |
| -2572 | REYES, RICHARD B | 09 | 1101 | 160 | 23.22 | 3715.20 |
| -7675 | RODRIGUEZ, ROLANDO | 10 | 1101 | ~~0~~ | 23.22 | ~~0~~ |
| -4960 | ROGERS, BRUCE | 11 | 2101 | 290 | 23.22 | 6733.80 |
| -1960 | SALINAS, ANDREW A | 12 | 1108 | 207 | 20.26 | 4193.82 |
| -2251 | TORRES-BARRAGAN, J | 13 | 1107 | 188.5 | 19.53 | 3681.40 |
| -8127 | VAZQUEZ, IGNACIO | 14 | 1101 | ~~0~~ | 23.22 | ~~0~~ |

Current Balance Due:

Previous Balance:

Total Balance Due:

Send payment and copy of the report to:  
DISTRICT COUNCIL 16 NORTHERN CALIFORNIA TRUST FUNDS:

Make Check Payable to:  
DISTRICT COUNCIL 16 NORTHERN CALIFORNIA TRUST FUNDS

_____  _____  _____  
Authorized Signature        Title              Date

C-16 (04/09)



# District Council 16 Northern California
## Trust Funds

**DC 16**

P.O. Box 24454, Oakland, CA 94623  •  Phone (800) 922-9902  •  (510) 864-6444

S D FLOORING, INC.  
725 INDUSTRIAL RD UNIT C  
SAN CARLOS, CA 94070

EMPLOYER NUMBER: 000-000532-000  
FOR WORK IN: 10/2010  
DUE ON: 11/15/2010  
LOCAL: 0000

PAGE 2

| SSN | NAME | LINE NO | RATE LEVEL | HOURS | RATE | AMOUNT DUE |
|---|---|---|---|---|---|---|
| -4725 | WELKER, ERIC J  (Delete off) | 15 | 2101 | 0 | 23.22 | 0 |
| -5101 | WELKER, JEFF D | 16 | 1103 | 0 | 16.57 | 0 |
| -2860 | WOOD, HARLEY | 17 | 1101 | 152 | 23.22 | 3529.44 |
| -5952 | ZAMUDIO, FERNANDO | 18 | 1105 | 0 | 18.04 | 0 |
| -9484 | Armenta, Oreste | | | 141 | 23.22 | 3274.02 |
| -2883 | Beltran, Sergio | | A65 | 170 | 18.04 | 3066.80 |
| -9815 | Cassady, James | | | 142 | 23.22 | 3297.24 |
| -1671 | Gonzalez, Miguel | | | 220 | 23.22 | 5108.40 |
| -7863 | Sosa, Alfredo | | A65 | 167 | 18.04 | 3012.68 |
| 57083 | Trujillo, Elias | | A60 | 164 | 17.30 | 2837.20 |

Current Balance Due:

Previous Balance:

Total Balance Due:

Send payment and copy of the report to:  
DISTRICT COUNCIL 16 NORTHERN CALIFORNIA  
TRUST FUNDS:  
P.O. BOX 4816, HAYWARD, CA 94540-4816

Make Check Payable to:  
DISTRICT COUNCIL 16 NORTHERN CALIFORNIA  
TRUST FUNDS

_____   _____   _____  
Authorized Signature           Title              Date

C-16 (04/09)

# *EXHIBIT C*

DECLARATION OF MICHELE R. STAFFORD IN SUPPORT OF
REQUEST FOR ISSUANCE OF WRIT OF EXECUTION
<u>District Council 16 Northern California Health & Welfare Trust Fund v. S D Flooring, Inc.</u>
*USDC, Case No.: C10-4765 SBA*



# District Council 16 Northern California Trust Funds

**DC 16**

P.O. Box 24454, Oakland, CA 94623 • Phone: (800) 922-9902 • (510) 864-6444

---

S D FLOORING, INC.
725 INDUSTRIAL RD UNIT C
SAN CARLOS, CA 94070

EMPLOYER NUMBER: 000-000532-000
FOR WORK IN: 11/2010
DUE ON: 12/15/2010
LOCAL: 0000

PAGE 1

| SSN | NAME | LINE NO | RATE LEVEL | HOURS | RATE | AMOUNT DUE |
|---|---|---|---|---|---|---|
| -7601 | ADAMSON, DARRYL H | 01 | 1101 | 128 | 23.22 | 2972.16 |
| -3994 | CARDENAS, ROBERT E | 02 | 1101 | 53 | 23.22 | 1230.66 |
| -9875 | CASSADY, JAMES | 03 | 1101 | 151 | 23.22 | 3506.22 |
| -4510 | GAMA, RAMON P | 04 | 2101 | 133 | 23.22 | 3088.26 |
| -0432 | GIBSON, RICHARD L | 05 | 1101 | 143 | 23.22 | 3320.46 |
| -3109 | MONTES DE OCA, ALBER | 06 | 1101 | 0 | 23.22 | |
| ~~-9270~~ | ~~RAMIREZ, JOSE M~~ | ~~07~~ | ~~1104~~ | | ~~17.30~~ | |
| -2572 | REYES, RICHARD B | 08 | 1101 | 128 | 23.22 | 2972.16 |
| -4960 | ROGERS, BRUCE | 09 | 2101 | 134.5 | 23.22 | 3123.09 |
| -1960 | SALINAS, ANDREW A | 10 | 1108 | 135. | 20.26 | 2735.10 |
| ~~-2251~~ | ~~TORRES-BARRAGAN, J~~ | ~~11~~ | ~~1107~~ | | ~~19.93~~ | |
| ~~-4725~~ | ~~WELKER, ERIC J~~ | ~~12~~ | ~~2101~~ | | ~~23.22~~ | |
| ~~-2860~~ | ~~WOOD, HARLEY~~ | ~~13~~ | ~~1101~~ | | ~~23.22~~ | |

Current Balance Due:
Previous Balance:
Total Balance Due:

Send payment and copy of the report to:
DISTRICT COUNCIL 16 NORTHERN CALIFORNIA
TRUST FUNDS:

Make Check Payable to:
DISTRICT COUNCIL 16 NORTHERN CALIFORNIA
TRUST FUNDS

_____  _____  _____
Authorized Signature          Title         Date

C-16 (04/09)



# District Council 16 Northern California
## Trust Funds

P.O. Box 24454, Oakland, CA 94623 • Phone: (800) 922-9902 • (510) 864-6444

S D FLOORING, INC.
725 INDUSTRIAL RD UNIT C
SAN CARLOS, CA 94070

EMPLOYER NUMBER: 000-000532-000
FOR WORK IN:
DUE ON:
LOCAL: 0000

PAGE 2

| SSN | NAME | LINE NO | RATE LEVEL | HOURS | RATE | AMOUNT DUE |
|---|---|---|---|---|---|---|
| | Dustin Adamson | | | 93 | 18.04 | 1677.72 |
| | Oreste Armenta | | | 105 | 23.22 | 2438.10 |
| -2251 | J Barragan-Torres | 1107 | | 158 | 19.53 | 3085.74 |
| | Sergio Beltran | | | 109 | 18.04 | 1966.36 |
| | Miguel Gonzalez | | | 150 | 23.22 | 3483.00 |
| | Victoriano Gonzalez | | | 133 | 23.22 | 3088.24 |
| | Dale Jepsen | | | 48 | 23.22 | 1114.56 |
| | Anthony NJAMES | | | 7 | 23.22 | 162.54 |
| | Rolondo Rodriguez | | | 51 | 23.22 | 1184.22 |
| | Jose Salmeron | | | 103 | 23.22 | 2391.66 |
| | Alfredo Sosa | | | 104 | 18.04 | 1912.24 |
| | Elias Trujillo | | | 142.5 | 17.30 | 2465.25 |
| | Fernando Zamudio | | | 57 | 18.04 | 1028.28 |

$ 48,946.02

Current Balance Due:
Previous Balance:
Total Balance Due:

Send payment and copy of the report to:
DISTRICT COUNCIL 16 NORTHERN CALIFORNIA
TRUST FUNDS:
P.O. BOX 4816, HAYWARD, CA 94540-4816

Make Check Payable to:
DISTRICT COUNCIL 16 NORTHERN CALIFORNIA
TRUST FUNDS

Authorized Signature    Title    Date

C-16 (04/09)